IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS BLUME,

    Plaintiff,                                            No.

vs.                                                                 .

ROBERT WOOLEVER,
an Albuquerque Police Officer,
and JOHN DOYLE, a former
Albuquerque Police Officer

    Defendants.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

Plaintiff Nicholas Blume, through his attorneys Ray Twohig and Nick Sitterly, avers the following:

## I. INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. §1983 for violation of the Plaintiff's Fourth Amendment rights as made applicable to the states through the Fourteenth Amendment.

## II. PARTIES AND JURISDICTION

1.    Plaintiff Nicholas Blume is a citizen of New Mexico who, at all times relevant to this complaint, resided in Bernalillo County, New Mexico.

2.    Defendant Robert Woolever was, at all times relevant to this complaint, a sworn law enforcement officer operating under color of law, employed by the Albuquerque Police Department. At the time of this incident, Defendant Woolever held the rank of Private First Class.

1

3. Defendant John Doyle was, at all times relevant to this complaint, a sworn law enforcement officer operating under color of law, employed by the Albuquerque Police Department. At the time of this incident, Defendant Doyle held the rank of Private First Class.

4. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1341, 1343, because this is an action to redress violations of the Constitutional rights of Plaintiff pursuant to 42 U.S.C. §1983.

### III.     FACTS

5. On February 13, 2011 at 8:23 p.m., Plaintiff was arrested by the Defendants on charges of auto theft in violation of N.M. Stat. Ann. § 30-16D-1(A)(1) (West) and eluding or evading the police on foot contrary to N.M. Stat. Ann. § 30-22-1 (West).

6. In effecting Plaintiff's arrest, Defendants pursued Plaintiff on foot into a residential parking garage near the intersection of Louisiana Boulevard and Lomas Boulevard.

7. Plaintiff was not armed with a weapon of any kind, nor did Plaintiff gesture in any way to indicate that he was armed, nor did Plaintiff take hold of any objects resembling a weapon, nor did Plaintiff draw out any items concealed upon his person in such a way as to indicate the presence of a weapon.

8. Once Plaintiff was inside the parking structure, he was tackled from behind by Defendant Woolever, who then kneeled atop the Plaintiff, rendering him essentially helpless and largely motionless throughout the encounter.

9. What followed was a brutal beating administered to the Plaintiff by the Defendant Officers. The Plaintiff was in a defenseless state throughout the beating and did not offer meaningful resistance of any kind. The beating was captured, unbeknownst to Defendants, by the parking structure's video surveillance system.

10. The surveillance video first shows the Defendant going down with Defendant Woolever on top of him. Then it shows that Defendant Woolever administered a hard blow to the Plaintiff's head with his fist soon after tackling Plaintiff. It then shows that Plaintiff then lies face down against the garage roadway, not attempting to get up or free himself.

11. The video then shows that Defendant Doyle, still in a standing position, administered fourteen (14) kicks with full strength to Plaintiff's head, shoulders, and general upper body. At one point, Defendant Doyle uses his arm to balance on Defendant Woolever's body so that he can aim his kicks more precisely at Plaintiff's head in order to do the maximum possible damage.

12. Defendant Woolever, still attempting to secure Plaintiff's arms which are flailing in a self-protective fashion, ignored Defendant Doyle's conduct and made no attempt to stop Defendant Doyle, instead allowing Doyle to balance against him in order to more effectively injure Plaintiff. Defendant Woolever administered several blows of his own with his knees and arms to Plaintiff's legs.

13. Near the end of the video of the brutal assault, Defendant Doyle is shown driving his knee into the Plaintiff's back with his full weight so as to press Plaintiff's face and body more firmly and violently into the cement roadway of the parking structure, causing further unnecessary pain.

14. After concluding their vicious assault upon the Plaintiff, Defendants are shown on the video bumping chests and celebrating their violent attack to the right of the Plaintiff's motionless, prostrate body.

15. After the beating concluded, Plaintiff was treated by a medical response team at the scene for multiple contusions, scrapes and bruises to the head. Plaintiff was then transported to the hospital, where he was further treated. His injuries caused him pain and suffering and other, longer term damages.

### IV. COUNT I: EXCESSIVE FORCE, DEFENDANT WOOLEVER

16. Paragraphs 1 through 15 are incorporated herein.

17. The initial "take down" of Plaintiff, which Defendant Woolever accomplished by means of tacking Plaintiff as he was running was reasonable, and damages are not sought for that use of force.

18. After that tackle, Plaintiff was no longer fleeing or evading the Defendants, and had been effectively subdued. At that point, he was not actively trying to avoid arrest or to avoid arrest by flight. His hands were visibly unarmed, and he posed no immediate threat to Defendants or the public.

19. The crime Plaintiff was arrested for was a felony of lesser degree and did not justify use of force beyond Defendant Woolever's initial tackle.

20. The intentional punches and kicks administered by Defendant Woolever after the initial tackle were unnecessary, unreasonable and excessively violent.

21. The intentional punches and kicks administered by Defendant Woolever after the initial tackle exceeded the degree of force which a reasonable, prudent law enforcement officer would have applied under these same circumstances.

22. The intentional punches and kicks administered by Defendant Woolever after the initial tackle were the cause in fact and proximate cause of Plaintiff's injuries.

### V. COUNT II: CONSPIRACY TO USE EXCESSIVE FORCE, DEFENDANT WOOLEVER

23. Paragraphs 1 through 15 are incorporated herein.

24. Defendant Woolever formed a single plan, through non-verbal communication, with Defendant Doyle, to use excessive force against the Plaintiff.

25. This plan is evident from the circumstantial evidence on the surveillance videotape. This evidence includes the fact that Defendant Woolever did not restrain or attempt to stop Defendant Doyle from kicking Plaintiff repeatedly, the fact that Defendant Woolever allowed Defendant Doyle to balance against him in order to better injure Plaintiff, and the fact that Defendant Woolever hugged and bumped his chest in celebration of the attack with Defendant Doyle, all of which show that Defendant Woolever formed and executed the joint plan to use excessive force against the Plaintiff.

### VI. COUNT III: EXCESSIVE FORCE, DEFENDANT DOYLE

26. Paragraphs 1 through 15 are incorporated herein.

27. The crime Plaintiff was arrested for was a felony of lesser degree and did not justify use of force beyond Defendant Woolever's initial tackle.

28. The intentional kicks and "knee-drop" administered by Defendant Doyle after the initial tackle were unnecessary, unreasonable and excessively violent.

29. The intentional kicks and "knee-drop" administered by Defendant Doyle after the initial tackle exceeded the degree of force which a reasonable, prudent law enforcement officer would have applied under these same circumstances.

30. The intentional kicks and "knee-drop" administered by Defendant Doyle after the initial tackle were the cause in fact and proximate cause of Plaintiff's injuries.

### VII. COUNT IV: CONSPIRACY TO USE EXCESSIVE FORCE, DEFENDANT DOYLE

31. Paragraphs 1 through 15 are incorporated herein.

32. Defendant Doyle formed a single plan with Defendant Woolever through non-verbal communication, upon apprehending Plaintiff, to use excessive force against him.

33. This plan is proven by the videotape containing circumstantial evidence, such as the fact Defendant Doyle did not restrain or attempt to stop Defendant Woolever from punching Plaintiff in the back of the head or from kicking Plaintiff in the legs, and the fact that Defendant Doyle used Defendant Woolever to balance so that he could better injure the Plaintiff, and the fact that Defendant Doyle celebrated the attack by bumping chests and hugging Defendant Woolever shows that Defendant Doyle formed and executed a single plan to use excessive force against the Plaintiff.

### VIII. DAMAGES

34. Paragraphs 1 through 15 are incorporated herein.

35. Plaintiff sustained lasting physical injury justifying damages, and incurred medical expenses, pain and suffering and emotional distress.

36. Defendants' intentionally violent and abusive conduct is sufficient to justify an award of punitive damages.

## IX. PRAYER FOR RELIEF

Based on the foregoing facts, Plaintiff requests that this Court order a jury trial and that the jury award compensatory and consequential damages, damages for pain and suffering, damages for emotional distress, and punitive damages as well as attorney fees and costs, and such other relief as this court may deem appropriate.

Respectfully Submitted,

THE TWOHIG LAW FIRM

/s/ Ray Twohig
_____
RAY TWOHIG
Attorney for the Plaintiff
8998 Rio Grande Blvd NW
Los Ranchos, NM 87114
505-898-0400
Fax: 505-898-0004
ray@twohiglawfirm.com


/s/ Nick Sitterly
_____
NICK SITTERLY
Attorney for the Plaintiff
8998 Rio Grande Blvd NW
Los Ranchos, NM 87114
505-898-0400
Fax: 505-898-0004
nick@twohiglawfirm.com